IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



FILED

11 MAY 18 PM 4:01

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

FLORIDA VIRTUALSCHOOL,
a Florida Educational Institution,

          Plaintiff,

vs.

K12, INC., a Delaware Corporation
K12 Florida, LLC, a Florida Limited
Liability Company, and
Name Administration, Inc.
a Cayman Islands Company,

          Defendants.
_____/

COMPLAINT

6:11-CV-831-ORL-31-KRS

## ACTION UNDER 15 U.S.C. § 1114 FOR SERVICE MARK INFRINGEMENT, UNDER 15 U.S.C. § 1125 FOR UNFAIR COMPETITION AND FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED

Plaintiff **Florida VirtualSchool** ("Plaintiff"), a Florida educational institution, for its complaint against Defendants **K12, Inc., K12 Florida, LLC** and **Name Administration, Inc.** (collectively "Defendants") states:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for infringement of a federally registered service mark, service mark infringement and unfair competition under Section 43(a) of the Lanham Act, cyberpiracy under Section 43(d) of the Lanham Act and common law service mark infringement and unfair competition.

2. Plaintiff Florida VirtualSchool educational institution, with its principal offices at 2145 Metro Center Boulevard, Suite 200, Orlando, FL 32835, is engaged in the business of



providing online educational services to students across the United States and in foreign countries.

3. On information and belief, Defendant K12, Inc. ("K12") has a place of business at 2300 Corporate Park Drive, Suite 200, Herndon, VA 20171, and is engaged in the business of providing online educational services in the Orlando Division of the Middle District of Florida and elsewhere.

4. On information and belief, Defendant K12 Florida, LLC ("K12 Florida") is a Florida limited liability company with offices at 9951 Atlantic Boulevard #319, Jacksonville, FL 32225 and is engaged in the business of providing online educational services in the Orlando Division of the Middle District of Florida and elsewhere. K12 and K12 Florida are referred to collectively as the "K12 Defendants."

5. On information and belief, Defendant Name Administration, Inc. ("Name Administration") is a British Virgin Islands corporation with an address of Box 10518 A.P.O., Grand Cayman, Cayman Islands B.W.I. and is engaged in the business of buying and selling Internet domain names in the Orlando Division of the Middle District of Florida and elsewhere. On information and belief, Name Administration has registered or purchased more than 240,000 domain names including hundreds of Florida-related domain names marketed to Florida businesses, and is primarily, if not exclusively, engaged in the business of selling domain names.

6. This Court has jurisdiction of the subject matter under 28 U.S.C. § 1331, 1338, 1391 and the United States Trademark Act at Title 15 of the United States Code.

7. Jurisdiction and venue are appropriate over the Defendants because they are engaged in business in the Orlando Division of the Middle District of Florida and because Defendant Name Administration is a foreign entity that may be sued in any district.

## **STATEMENT OF FACTS**

### *The history of the Florida VirtualSchool educational institution*

8. Plaintiff Florida VirtualSchool educational institution was founded in 1997 to provide high quality, online courses to students throughout the United States and in foreign countries.

9. Plaintiff has been recognized for its work by the National School Boards Association and the Canadian Association for Distance Education.

10. In 2003, Plaintiff was named as one of the WebSmart Top 50 organizations by Business Week Magazine.

11. Plaintiff was also honored with the 2007 and 2009 USDLA 21st Century award for Best Practice in Distance Learning, the 2008 Better Government Competition Award from the Pioneer Institute, the EdNET 2007 Pioneer of the Year Award and the 2006 EdNET Impact award.

12. Plaintiff has received two 2010 CODiE Awards: One for Best Reading/English Instructional Solution and a second for Best Social Studies Instructional Solution.

13. Plaintiff now has 1200 faculty and administrators, courseware developers, web design specialists and technology support personnel and serves over 100,000 students in 45 states and 39 countries.

14. Plaintiff's online educational services are also made available to other organizations in the United States and in foreign countries.

### *The federally registered Florida VirtualSchool and FLVS service marks*

15. Since at least as early as January of 2002, Plaintiff has continuously used the service mark **Florida VirtualSchool** to identify its educational services.

16. The service mark **Florida VirtualSchool** has been registered on the Principal Register with the United States Patent and Trademark Office under registration number 3830765. The Registration Certificate for Plaintiff's **Florida VirtualSchool** mark is attached at Exhibit A hereto.

17. Since at least as early as January of 2002, Plaintiff has continuously used the service mark **FLVS** in association with its educational services.

18. The service mark **FLVS** has been registered on the Principal Register with the United States Patent and Trademark Office under registration number 3873393. The Registration Certificate for Plaintiff's service mark **FLVS** is attached at Exhibit B hereto.

19. The above registrations are valid and in full force and effect.

20. The service marks **Florida VirtualSchool** and **FLVS** are used extensively on Plaintiff's www.flvs.net website, in advertising and promotional materials and in numerous other places.

21. Plaintiff has not abandoned its marks or otherwise engaged in any action or omission that would prevent it from asserting its rights in the marks that are the subject of this Complaint.

*Defendants' service mark infringement and unfair and deceptive practices*

22. The K12 Defendants provide online educational services that are of the same type as those provide by Plaintiff.

23. The K12 Defendants currently provide those services under the **Florida Virtual Program, Florida Virtual Academy, FLVP** and **FLVA** marks.

4

24. Name Administration, doing business as NaMedia, is using the **FLVS** mark on the flvs.com website to promote online educational services not originating with Plaintiff and to divert Internet traffic intended for Plaintiff to other providers of online educational services.

25. K12 is one of the competing providers of online educational services to whom Name Administration is diverting customers who were attempting to locate Plaintiff and has appeared as the first "Sponsored Listing" on the flvs.com website controlled by Name Administration:



26. A print-out of the flvs.com website demonstrating that Name Administration is using the **FLVS** mark to divert customers to the K12 Defendants and other competitors of Plaintiff is attached at Exhibit C hereto.

27. By identifying their online educational services as **Florida Virtual Program, Florida Virtual Academy, FLVP** and **FLVA** and using the flvs.com domain to mislead consumers of online educational services, the Defendants are likely to cause confusion among the consumers of Plaintiff's online educational services who are likely to believe the K12 Defendants' services originate with Plaintiff and that the flvs.com website is Plaintiff's website or is endorsed or sponsored by Plaintiff when it is not.

28. In addition to using Plaintiff's marks to deceive the public, the K12 Defendants are also using other indicia associated with Plaintiff that are likely to confuse or deceive consumers.

5

29. The website for Plaintiff's flvs.net website utilizes the following blue and green color scheme with prominent use of the Florida VirtualSchool mark:



30. The Defendants have adopted the following nearly identical color schemes with prominent use of the **Florida Virtual Program** mark on their own K12.com website:



31. Copies of representative pages showing the color scheme of Plaintiff's website and Defendants' use of confusingly similar color scheme are attached at Exhibits D and E hereto.

32. On information and belief, the Defendants' adoption of a blue and green color scheme that is nearly identical to the one utilized by Plaintiff was done intentionally to further the confusion they have already caused by adopting marks that are confusingly similar to Plaintiff's marks.

33. The Defendants' adoption and use of marks that are confusingly similar to the registered marks of Plaintiff have enabled it to obtain search engine placement alongside Plaintiff in Internet searches for Plaintiff, thus furthering the confusion it has created.

34. Plaintiff has not authorized any of the Defendants to use its service marks or other indicia denoting Plaintiff as the source of its services.

35. The actions of the Defendants complained of herein have resulted in numerous instances of actual confusion as to the source, affiliation, endorsement or sponsorship of the services provided by the Defendants.

36. On information and belief, K12, Inc. and K12 Florida, LLC are both involved in and direct the activities complained of herein and derive direct financial benefits from doing so, as is evident from the following:

    a. On information and belief, both K12 Defendants use the same K12.com website to advertise their infringing services using the **Florida Virtual Program, Florida Virtual Academy, FLVP** and **FLVA** marks.

    b. In response to a letter from Plaintiff requesting that Defendants stop infringing on Plaintiff's trademark rights, the Defendants provided a single response in which they refused to stop using Plaintiff's marks and noted that K12, Inc. "services K12 Florida, L.L.C. and the Florida Virtual Program."

37. On information and belief, to the extent that either of the K12 Defendants is not directly responsible for the activities complained of herein, it has contributed to, induced or acted as the agent of others with respect to those acts.

38. The Defendants' infringement and unfair competition is ongoing, has already caused and will continue to cause irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT ONE

### Infringement of Registered Marks Under the Lanham Act

39. Plaintiff restates and incorporates by reference into this Count One the allegations of paragraphs 1 - 38 above as if fully stated herein.

40. This is an action by Plaintiff against all Defendants for infringement of federally registered service marks under Section 32 of the Lanham Act (15 U.S.C. § 1114).

41. As a result of the use of Plaintiffs' Marks in connection with Plaintiffs' services, Plaintiffs' marks are known to purchasers throughout the United States and are associated with Plaintiff's services.

42. The federal service mark registrations for the **Florida VirtualSchool** and **FLVS** marks are valid and subsisting.

43. Defendants have used, in interstate commerce, marks that are identical to or confusingly similar to Plaintiff's **Florida VirtualSchool** and **FLVS** marks without Plaintiff's consent in a manner that is likely to cause confusion among customers and potential customers as to the source of the services offered by Defendants.

44. Plaintiff has been damaged by Defendants' infringement of these federally registered marks.

45. Defendants' service mark infringement has caused, and unless enjoined will continue to cause Plaintiff irreparable harm.

46. On information and belief, Defendants' aforesaid infringing conduct has been willful and done with an intent to deceive. Plaintiffs are therefore entitled to an award of reasonable attorneys' fees and costs, and treble their actual damages.

47. Plaintiff has no adequate remedy at law.

## COUNT TWO

### Service Mark Infringement and False Designation of Origin Under Section 43(a) of the Lanham Act

48. Plaintiff restates and incorporates by reference into this Count Two the allegations of paragraphs 1 - 38 above as if fully stated herein.

49. This is an action against all Defendants for service mark infringement and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50. Defendants' use of marks that are confusingly similar to Plaintiff's **Florida VirtualSchool** and **FLVS** marks and related indicia denoting Plaintiff as the source of its services in commerce and in connection with the sale or offering for sale of online education services is likely to cause confusion for the customers and potential customers of those services, and as such, infringes Plaintiff's exclusive rights in its **Florida VirtualSchool** and **FLVS** marks and related indicia.

51. Defendants' use of Plaintiff's **Florida VirtualSchool** and **FLVS** marks and related indicia denoting Plaintiff as the source of services constitutes service mark infringement and a false designation of origin as to the products and services made available by Defendants in violation of Section 43(a) of the Lanham Act.

52. Florida VirtualSchool has been damaged by the Defendants' false designation of origin.

53. Defendants' false designation of origin has caused, and unless enjoined will continue to cause Plaintiff irreparable harm.

54. On information and belief, Defendants' aforesaid infringing conduct has been willful and done with an intent to deceive. Plaintiffs are therefore entitled to an award of reasonable attorneys' fees and costs, and treble their actual damages.

55. Plaintiff has no adequate remedy at law.

**COUNT THREE**

**Cyberpiracy Under Section 43(d) of the Lanham Act**

56. Plaintiff restates and incorporates by reference into this Count Three the allegations of paragraphs 1 - 38 above as if fully stated herein.

57. This is an action against Defendant Name Administration for cyberpiracy under Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

58. The FLVS mark was distinctive at the time Name Administration is believed to have registered or purchased the flvs.com domain name.

59. The flvs.com domain name is identical to Plaintiff's federally registered **FLVS** service mark.

60. Name Administration is engaged in commercial use of the flvs.com domain name to confuse consumers and to divert Internet traffic intended for Plaintiff to other providers of online educational services and by offering this domain for sale.

61. To Plaintiff's knowledge, the **FLVS** mark does not identify any person and is not associated with any person.

62. On information and belief, Name Administration has a bad faith intent to profit from its use of the flvs.com domain name.

63. Plaintiff has been damaged by Name Administration's actions complained of herein.

64. On information and belief, Defendants' aforesaid cyberpiracy has been willful and done with an intent to deceive. Plaintiffs are therefore entitled to an award of reasonable attorneys' fees and costs, and treble their actual damages.

65. Defendants' cyberpiracy has caused, and unless enjoined will continue to cause Plaintiff irreparable harm.

66. Plaintiff has no adequate remedy at law.

## COUNT FOUR

### Common Law Service Mark Infringement And Unfair Competition

67. Plaintiff restates and incorporates by reference into this Count Four the allegations of paragraphs 1 - 38 above as if fully stated herein.

68. This is an action against all Defendants for common law service mark infringement and unfair competition under the laws of the state of Florida.

69. Defendants' aforesaid activities constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the above-described trademarks and related indicia denoting Plaintiff as the source of services.

70. Plaintiff has been damaged by the Defendants' common law service mark infringement and unfair competition.

71. This common law service mark infringement unfair competition has caused, and unless enjoined will continue to cause Plaintiff irreparable harm.

72. Plaintiff has no adequate remedy at law.

### JURY REQUEST

Plaintiff requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Florida VirtualSchool respectfully prays that this Honorable Court enter such Preliminary and Final Orders and Judgments as are necessary to grant the following relief:

1. That Defendants, their officers, agents, servants, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert with them, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   (a) using Plaintiff's **Florida VirtualSchool** and **FLVS** marks or any other name or mark confusingly similar to Plaintiff's marks, alone or in combination with other words, names, styles, titles, or marks as a company or trade name, or in connection with the promotion, offering or providing of products or services similar to or related to Plaintiff's products and services anywhere in the United States;

   (b) using any words, names, styles, titles, or marks which create a likelihood of injury to the business reputation of Plaintiff and the extensive goodwill associated therewith anywhere in the United States;

   (c) using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill associated therewith.

2. That Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff as a consequence of the acts herein complained of, and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights as aforesaid.

3. That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the activities herein complained of.

4. That Defendant Name Administration be required to transfer the flvs.com domain name to Plaintiff.

5. That the K12 Defendants be required to cancel or transfer any state trademark registrations, fictitious name registrations or other applications or registrations they have sought or obtained that infringe Plaintiff's service marks.

6. That Defendants be required to pay to Plaintiff all of its litigation expenses, including reasonable attorneys' fees and the costs of this action.

7. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of May, 2011.

*/s/ Stephen H. Luther*
**Stephen H. Luther**
Florida Bar No. 528846
Allen, Dyer, Doppelt, Milbrath
& Gilchrist, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, Florida 32801
Tel. (407) 841-2330
Fax: (407) 841-2343
**Attorney for Plaintiff**