UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FLORIDA VIRTUALSCHOOL, a Florida Educational Institution, <br><br> Plaintiff, <br><br> vs. <br><br> K12 INC., a Delaware Corporation <br> K12 Florida, LLC, a Florida Limited Liability Company, and <br> Name Administration, Inc. <br> a Cayman Islands Company, <br><br> Defendants. | Case No. 6:11-cv-831-GAP-KRS |

**ANSWER OF DEFENDANTS K12 INC. AND K12 FLORIDA LLC
TO THE COMPLAINT**

For their Answer to the Complaint of Plaintiff Florida VirtualSchool, Defendants K12 Inc. and K12 Florida LLC (collectively, the "K12 Defendants"), hereby state the following:

In answer to the separately numbered paragraphs of the Complaint, the K12 Defendants state the following:

1.   The allegations asserted in numbered paragraph 1 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself.

2.      The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 2 of the Complaint and therefore deny those allegations.

3.      The K12 Defendants admit that Defendant K12 Inc. has a place of business at 2300 Corporate Park Drive, Suite 200, Herndon, VA 20171, and deny the remaining allegations asserted in numbered paragraph 3 of the Complaint.  The K12 Defendants aver that K12 Inc. is engaged in the business of:  (1) publishing its own proprietary online curriculum and physical learning materials; (2) developing for sale proprietary online school software; (3) providing turnkey school management services, from back-office financial management to computers to legal support; and (4) providing teaching services to students in kindergarten through high school.  The K12 Defendants aver that K12 Inc. provides these educational products and services:  (1) to fully-managed virtual public charter schools, virtual school programs of public school districts, online private schools; (2) in traditional classrooms; (3) through hybrid virtual/brick and mortar school programs; and (4) directly to families.  The K12 Defendants aver that other business activities of K12 Inc. include:  (1) offering over 700 online post-secondary level courses and a learning platform to brick and mortar colleges and universities; (2) offering online language learning courses and language immersion summer camps offered through a foreign language instruction subsidiary; and (3) offering an International Baccalaureate World private school in Berne, Switzerland; as well as (4) a strategic investment in an online English language instruction company in Shanghai, China.  The K12 Defendants aver that K12 Inc. performs certain of the foregoing activities in the Orlando Division of the Middle District of Florida.

4. The K12 Defendants deny the allegations asserted in the first sentence of numbered paragraph 4 of the Complaint. The K12 Defendants aver that Defendant K12 Florida LLC is a Delaware limited liability company with offices at 1909 North 3rd Street, Jacksonville Beach, FL 32250. The K12 Defendants further aver that K12 Florida LLC has contracted with the Florida Department of Education and school districts in the State of Florida to provide certain of the products and services described above in numbered paragraph 3 of this Answer. The K12 Defendants admit that K12 and K12 Florida appear to be referred to collectively as the "K12 Defendants" in the Complaint. The K12 Defendants deny the remaining allegations asserted in paragraph 4.

5. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 5 of the Complaint and therefore deny those allegations.

6. The allegations asserted in numbered paragraph 6 of the Complaint consist of Plaintiff's characterizations as to the basis for invoking the subject matter jurisdiction of this Court, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants admit that this Court has subject matter jurisdiction over this action.

7. The allegations asserted in numbered paragraph 7 of the Complaint consist of Plaintiff's characterizations regarding personal jurisdiction and venue, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants admit that this Court has personal jurisdiction over them and that this is an appropriate venue.

The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 7 and therefore deny those allegations.

8. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 8 of the Complaint and therefore deny those allegations.

9. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 9 of the Complaint and therefore deny those allegations.

10. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 10 of the Complaint and therefore deny those allegations.

11. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 11 of the Complaint and therefore deny those allegations.

12. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 12 of the Complaint and therefore deny those allegations.

13. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 13 of the Complaint and therefore deny those allegations.

14. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 14 of the Complaint and therefore deny those allegations.

15. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 15 of the Complaint and therefore deny those allegations.

16. The K12 Defendants admit the allegations asserted in the first sentence of numbered paragraph 16 of the Complaint. The K12 Defendants admit that Exhibit A appears to be a copy of a Registration Certificate and Examiner's Amendment for the Florida VirtualSchool mark. The K12 Defendants deny the remaining allegations asserted in paragraph 16.

17. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 17 of the Complaint and therefore deny those allegations.

18. The K12 Defendants admit the allegations asserted in the first sentence of numbered paragraph 18 of the Complaint. The K12 Defendants admit that Exhibit B appears to be a copy of a Registration Certificate for the FLVS mark. The K12 Defendants deny the remaining allegations asserted in paragraph 18.

19. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 19 of the Complaint and therefore deny those allegations.

20. With regard to the allegations asserted in numbered paragraph 20 of the Complaint, the K12 Defendants deny Plaintiff's vague and subjective characterization regarding the nature of Plaintiff's use of the service marks Florida VirtualSchool and FLVS on the www.flvs.net website. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 20 and therefore deny those allegations.

21. The K12 Defendants deny the allegations asserted in numbered paragraph 21 of the Complaint.

22. The K12 Defendants deny the allegations asserted in numbered paragraph 22 of the Complaint.

23. With regard to the allegations asserted in numbered paragraph 23 of the Complaint, the K12 Defendants admit that they use the Florida Virtual Program and Florida Virtual Academy marks and the acronyms FLVP and FLVA. The K12 Defendants deny the remaining allegations asserted in paragraph 23.

24. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 24 of the Complaint and therefore deny those allegations.

25. With regard to the allegations asserted in numbered paragraph 25 of the Complaint, the K12 Defendants deny that K12 Inc. is a "competing provider[] of online educational services." The K12 Defendants aver that K12 Inc. provides the products and services described above in numbered paragraph 3 of this Answer. The K12 Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 25 and therefore deny those allegations.

26. With regard to the allegations asserted in numbered paragraph 26 of the Complaint, the K12 Defendants lack knowledge or information sufficient to form a belief as to the origin of Exhibit C and therefore deny Plaintiff's characterization of that document. The K12 Defendants aver that the flvs.com website does not presently look like Exhibit C. The K12 Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 26 of the Complaint and therefore deny those allegations.

27. The K12 Defendants deny the allegations asserted in numbered paragraph 27 of the Complaint.

28. The K12 Defendants deny the allegations asserted in numbered paragraph 28 of the Complaint.

29. With regard to the allegations asserted in numbered paragraph 29 of the Complaint, the K12 Defendants admit that the flvs.net website presently features blue and green colors and the Florida VirtualSchool mark. The K12 Defendants deny the vague, subjective characterization regarding use of the Florida VirtualSchool mark on that website. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations regarding the ownership of the flvs.net website and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in paragraph 29.

30. With regard to the allegations asserted in numbered paragraph 30 of the Complaint, the K12 Defendants admit that the Florida Virtual Program mark appears on the

K12.com website. The K12 Defendants deny the remaining allegations asserted in paragraph 30, including the suggestion that the K12.com website is owned, in part, by Defendant Name Administration.

31.     With regard to the allegations asserted in numbered paragraph 31 of the Complaint, the K12 Defendants deny that the K12 Defendants use a color scheme confusingly similar to that of Plaintiff's website. The K12 Defendants further deny that Exhibits D and E reflect the color scheme of the websites purportedly depicted therein. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations regarding any activities performed by Defendant Name Administration and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in paragraph 31, including the implicit suggestion that the K12.com website is owned, in part, by Defendant Name Administration.

32.     With regard to the allegations asserted in numbered paragraph 32 of the Complaint, the K12 Defendants are without knowledge or information sufficient to form a belief as to allegations regarding any activities performed by Defendant Name Administration and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in paragraph 32.

33.     With regard to the allegations asserted in numbered paragraph 33 of the Complaint, the K12 Defendants are without knowledge or information sufficient to form a belief as to allegations regarding any activities performed by Defendant Name Administration and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in paragraph 33.

34. With regard to the allegations asserted in numbered paragraph 34 of the Complaint, the K12 Defendants are without knowledge or information sufficient to form a belief as to the allegations regarding Defendant Name Administration and therefore deny those allegations. The K12 Defendants further deny that they have used service marks or other indicia denoting Plaintiff as the source of their services. The K12 Defendants aver that their use of any marks or other source-identifying indicia has been both appropriate and authorized. The K12 Defendants deny the remaining allegations asserted in paragraph 34 of the Complaint.

35. The K12 Defendants deny the allegations asserted in numbered paragraph 35 of the Complaint.

36. With regard to the allegations asserted in numbered paragraph 36 of the Complaint, the K12 Defendants state that the phrase "the activities complained of herein" is vague and ambiguous. To the extent that this phrase is intended to refer to alleged activities constituting infringement of a federally registered service mark, service mark infringement and unfair competition under Section 43(a) of the Lanham Act, cyberpiracy under Section 43(d) of the Lanham Act, and common law service mark infringement and unfair competition, the K12 Defendants deny that they are "both involved in and direct" any such activities. The K12 Defendants further deny that they derive direct financial benefits from being involved in and directing any such activities. The K12 Defendants deny the remaining allegations asserted in paragraph 36.

    a. The K12 Defendants admit that they use the K12.com website to advertise certain services using the Florida Virtual Program and

        Florida Virtual Academy marks.  The K12 Defendants further admit that the K12.com website features the acronyms FLVA and FLVP.  The K12 Defendants deny the remaining allegations asserted in paragraph 36(a) of the Complaint.

   b.    The K12 Defendants deny Plaintiff's characterizations of the communications between the parties.  The K12 Defendants aver that the parties' communications – including the letter sent to counsel for Plaintiff on December 4, 2009, a copy of which is attached hereto as Exhibit 1 – speak for themselves.  The K12 Defendants deny all allegations inconsistent with those communications themselves.  The K12 Defendants deny the remaining allegations asserted in paragraph 36(b) of the Complaint.

37.    The K12 Defendants deny the allegations asserted in numbered paragraph 37 of the Complaint.

38.    The K12 Defendants deny the allegations asserted in numbered paragraph 38 of the Complaint.

### Answering Count One

39.    The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 38 as if fully set forth herein.

40.    The allegations asserted in numbered paragraph 40 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response

is required. To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself.

41. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 41 of the Complaint and therefore deny those allegations.

42. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 42 of the Complaint and therefore deny those allegations.

43. The K12 Defendants deny the allegations asserted in numbered paragraph 43 of the Complaint.

44. The K12 Defendants deny the allegations asserted in numbered paragraph 44 of the Complaint.

45. The K12 Defendants deny the allegations asserted in numbered paragraph 45 of the Complaint.

46. The K12 Defendants deny the allegations asserted in numbered paragraph 46 of the Complaint.

47. The K12 Defendants deny that Plaintiff is entitled to any remedy. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 47 of the Complaint.

## Answering Count Two

48. The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 38 as if fully set forth herein.

49. The allegations asserted in numbered paragraph 49 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself.

50. The K12 Defendants deny the allegations asserted in numbered paragraph 50 of the Complaint.

51. The K12 Defendants deny the allegations asserted in numbered paragraph 51 of the Complaint.

52. The K12 Defendants deny the allegations asserted in numbered paragraph 52 of the Complaint.

53. The K12 Defendants deny the allegations asserted in numbered paragraph 53 of the Complaint.

54. The K12 Defendants deny the allegations asserted in numbered paragraph 54 of the Complaint.

55. The K12 Defendants deny that Plaintiff is entitled to any remedy. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 55 of the Complaint.

**Answering Count Three**

56. The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 38 as if fully set forth herein.

57. The allegations asserted in numbered paragraph 57 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself.

58. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 58 of the Complaint and therefore deny those allegations.

59. The K12 Defendants deny the allegations asserted in numbered paragraph 59 of the Complaint.

60. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 60 of the Complaint and therefore deny those allegations.

61. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 61 of the Complaint and therefore deny those allegations.

62. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 62 of the Complaint and therefore deny those allegations.

63. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations asserted in numbered paragraph 63 of the Complaint and therefore deny those allegations.

64. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations pertaining to Defendant Name Administration and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 64 of the Complaint.

65. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations pertaining to Defendant Name Administration and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 65 of the Complaint.

66. The K12 Defendants deny that Plaintiff is entitled to any remedy. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 66 of the Complaint.

**Answering Count Four**

67. The K12 Defendants reallege and incorporate by reference their answers to the allegations that are set forth above in numbered paragraphs 1 through 38 as if fully set forth herein.

68. The allegations asserted in numbered paragraph 68 of the Complaint consist of Plaintiff's characterizations as to the nature of this action, to which no response is required. To the extent that a response may be deemed to be required, the K12 Defendants state that the Complaint speaks for itself and deny any characterization of Plaintiff's claims that is inconsistent with the Complaint itself.

69. The K12 Defendants are without knowledge or information sufficient to form a belief as to allegations pertaining to Defendant Name Administration and therefore deny those allegations. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 69 of the Complaint.

70. The K12 Defendants deny the allegations asserted in numbered paragraph 70 of the Complaint.

71. The K12 Defendants deny the allegations asserted in numbered paragraph 71 of the Complaint.

72. The K12 Defendants deny that Plaintiff is entitled to any remedy. The K12 Defendants deny the remaining allegations asserted in numbered paragraph 72 of the Complaint.

The K12 Defendants deny any allegation in the Complaint not expressly admitted above and specifically deny Plaintiff's alleged entitlement to the relief requested.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims are barred, in whole or in part, by equitable estoppel and/or unclean hands, including Plaintiff's delay in filing the instant suit and the fact that the Florida Department of Education – with full knowledge of the K12 Defendants' use of the marks Florida Virtual Program and Florida Virtual Academy and the acronyms FLVP and FLVA – entered into, and renewed, a contract with K12 Florida LLC to provide certain of the products and services described above in numbered paragraph 3 of this Answer.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, by laches and/or acquiescence, including Plaintiff's delay in filing the instant suit and the fact that the Florida Department of Education – with full knowledge of the K12 Defendants' use of the marks Florida Virtual Program and Florida Virtual Academy and the acronyms FLVP and FLVA – entered into, and renewed, a contract with K12 Florida LLC to provide to provide certain of the products and services described above in numbered paragraph 3 of this Answer.

**Fourth Defense**

Plaintiff's claims are or may be barred, in whole or in part, by the K12 Defendants' prior and continuous good faith use of the marks Florida Virtual Program and Florida Virtual Academy and the acronyms FLVP and FLVA without notice of and in areas geographically remote from Plaintiff's use.

**Fifth Defense**

Plaintiff lacks standing to assert any cause of action against the K12 Defendants because Plaintiff has not suffered any cognizable injury or damage as a result of any actions attributable to the K12 Defendants.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent it failed to take reasonable and necessary steps to mitigate the purported damages that Plaintiff claims it has suffered or will suffer by notifying the K12 Defendants of the alleged injury at an earlier date.

**Seventh Defense**

Plaintiff is barred from recovering any of the damages alleged in the Amended Complaint because such alleged damages are too speculative to be recoverable.

**Eighth Defense**

The K12 Defendants have rights in a broad family of marks ending in the words "Virtual Academy." The K12 Defendants' rights in this family of marks predate Plaintiff's use of the marks asserted by Plaintiff.

**Ninth Defense**

The K12 Defendants expressly and specifically reserve the right to amend this answer to add, delete, and/or modify defenses based upon orders issued by any court, or based upon legal theories, fact and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation.

WHEREFORE, having fully answered, the K12 Defendants respectfully request that this Court: (i) enter a judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice; (ii) find that this is an exceptional case warranting an award of reasonable attorneys' fees to the K12 Defendants; (iii) award the K12 Defendants their costs and expenses incurred in defending this action; and (iv) award such other relief as this Court may deem just and equitable.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the K12 Defendants respectfully demand a trial by jury as to all issues triable of right to a jury.

Dated: June 30, 2011

                                                             Respectfully submitted,

                                                             <u>s/ Stephanie L. Carman</u>
                                                             Stephanie L. Carman
                                                             Trial Counsel
                                                            Florida Bar Number: 499463
                                                            Hogan Lovells US LLP
                                                            Mellon Financial Center – 19th FL
                                                            1111 Brickell Avenue
                                                            Miami, Florida 33131
                                                            Telephone: 305-459-6500
                                                            Facsimile: 305-459-6550
                                                            stephanie.carman@hoganlovells.com

                                                            *Counsel for K12 Inc. and K12 Florida LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of June, 2011, a true and correct copy of the foregoing Answer of K12 Inc. and K12 Florida LLC to the Complaint was served electronically on all counsel of record by filing the document through the Middle District of Florida's Electronic Case Filing system.


                                                           s/ Stephanie L. Carman