# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLORIDA VIRTUALSCHOOL,**

    **Plaintiff,**

**v.**                                                       **Case No: 6:11-cv-831-Orl-31KRS**

**K12, INC. and K12 FLORIDA, LLC,**

    **Defendants.**

## ORDER

This matter is before the Court on Defendant K12, Inc. and K12 Florida, LLC's (cumulatively "K12") Motion to Dismiss Count One of the Complaint (Doc. 76) K12's Motion to Dismiss for Failure to Join an Indispensable Party, and K12's Motion for leave to file an Amended Answer and Counterclaims (Doc. 78). In opposition, the Plaintiff, Florida VirtualSchool ("FLVS") has filed its Response to the Motion To Dismiss Count One (Doc. 81), Response to the Motion for Leave to File an Amended Answer and Counterclaim (Doc. 82), and Response to the Motion to Dismiss for Failure to Join an Indispensable Party (Doc. 83).

    **I.**    **Background**

           **a. Factual Background**

This case is about whether K12 violated FLVS's intellectual property ("IP") rights and caused market confusion by registering trademarks and the publication of websites that FLVS asserts are overly-similar to its trademarks. Both FLVS and K12 created virtual schools, providing internet based distance learning to students in Florida and around the world. FLVS has registered

FLORIDA VIRTUALSCHOOL and FLVS as trademarks.[1] K12 has registered as trademarks: Florida Virtual Program, Florida Virtual Academy, FLVP and FLVA. K12 has also created websites to administer its education program that utilize a similar color scheme to FLVS's website. Further, K12 has registered the internet domain "flvs.com" which, at the time of filing the Complaint[2] allegedly brought up links to K12's programs rather than FLVS's.

### b. Procedural Background

While the factual issues in this case appear relatively straightforward—Did K12's publications and marks violate FLVS's IP rights?—the procedural aspects of this case are somewhat more complex due to the way Florida has vested its agencies with the power to create and register IP. When the case was originally filed, the Defendants moved for summary judgment or alternatively to dismiss for lack of standing on the basis that the Florida Department of State is charged with enforcement of IP rights for marks registered by Florida agencies. This Court dismissed the case on the basis that FLVS did not have standing to bring suit. (Doc. 56). Ultimately, the decision was appealed to the Eleventh Circuit, which certified the question to the Florida Supreme Court. The Florida Supreme Court ruled that the pertinent enabling statutes for FLVS granted to it enforcement authority for IP rights. Accordingly FLVS has standing to bring suit.[3]

The matter is now back before this Court on motions to dismiss which challenge the bifurcated way that Florida assigns authority over IP to FLVS. The first motion argues that the

---

[1] The trademark registration numbers are: FLORIDA VIRTUALSCHOOL Reg. No. 3,830,765; FLVS Reg. No. 3,873,393.

[2] As of the date of this Order, flvs.com appears to now redirect users to FLVS's website, flvs.net. However, the current state of the URL does change what was the case at the time of filing.

[3] The case is *Florida Virtual School v. K12, Inc.*, 148 So. 3d 97 (Fla. 2014) and is further explained below.

trademarks are invalid because the marks were registered in FLVS's name, rather than the owner of the IP, the State of Florida, and therefore the marks were erroneously granted. The second argues, in essence, that if the trademark is valid, and the state is the owner, then it is a necessary party to this action. As to the third motion at issue, K12 now seeks to add defenses as well as counterclaims for cancellation of FLVS's trademark registration and for declaratory judgment that FLVS does not have a protectable interest in the registered marks.

### II.   Standard

#### a.  Rule 12(b)(6) Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.  Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).   The Court will liberally construe the complaint's allegations in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).   This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### b. Failure to Join Indispensable Party

In reviewing a complaint on a motion to dismiss for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7), the Court engages in a two-part test:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(a), the litigation may continue.

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982).

### c. Motion to Amend Answer and Assert Counterclaim

Rule 15 (a) instructs that leave to amend a complaint should be freely given "when justice so requires," and the rule in this Circuit is that amendments to add affirmative defenses are analogous to amendments to add claims. Reasons to deny motions to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.    Analysis

The three motions addressed in this Order all travel under the theory that FLVS is not the proper owner of the IP in the trademarks. Defendants' arguments are an attempt to create a Gordian

knot out of the Florida Supreme Court ruling. Most of the confusion appears to stem from the bifurcated way that the Florida legislature assigns IP rights and responsibilities to its agencies.[4]

Florida law charges the Florida Department of State ("DOS") with enforcement of the State's IP rights in a broad assignment of responsibility.[5] However, the statutes charging the DOS with protecting state's IP are in tension with the enabling statute of FLVS, which states in pertinent part:

> (c) The [FLVS] board of trustees shall aggressively seek avenues to generate revenue to support its future endeavors, and shall enter into agreements with distance learning providers. The board of trustees may acquire, enjoy, use, and dispose of patents, copyrights, and trademarks and any licenses and other rights or interests thereunder

---

[4] In June 2000, Plaintiff became an agency of the State of Florida pursuant to Florida Statutes Section 228.082.

[5] 286.021. Department of State to hold title to patents, trademarks, copyrights, etc.

> The legal title and every right, interest, claim or demand of any kind in and to any patent, trademark or copyright, or application for the same, now owned or held, or as may hereafter be acquired, owned and held by the state, or any of its boards, commissions or agencies, is hereby granted to and vested in the Department of State for the use and benefit of the state; and no person, firm or corporation shall be entitled to use the same without the written consent of said Department of State.

§ 286.021, Fla. Stat. (2013).

> 286.031. Authority of Department of State in connection with patents, trademarks, copyrights, etc.
>
> The Department of State is authorized to do and perform any and all things necessary to secure letters patent, copyright and trademark on any invention or otherwise, and to enforce the rights of the state therein; to license, lease, assign, or otherwise give written consent to any person, firm or corporation for the manufacture or use thereof, on a royalty basis, or for such other consideration as said department shall deem proper; to take any and all action necessary, including legal actions, to protect the same against improper or unlawful use or infringement, and to enforce the collection of any sums due the state and said department for the manufacture or use thereof by any other party; to sell any of the same and to execute any and all instruments on behalf of the state necessary to consummate any such sale; and to do any and all other acts necessary and proper for the execution of powers and duties herein conferred upon said department for the benefit of the state.

§ 286.031, Fla. Stat. (2013).

> or therein. Ownership of all such patents, copyrights, trademarks, licenses, and rights or interests thereunder or therein shall vest in the state, with the board of trustees having full right of use and full right to retain the revenues derived therefrom....
>
> ....
>
> The board of trustees shall be a body corporate with all the powers of a body corporate and such authority as is needed for the proper operation and improvement of the Florida Virtual School.

§ 1002.37(2) Fla. Stat. (2014). The Florida Supreme Court recognized that this created tension with regard to FLVS's authority to secure and protect IP. The Supreme Court undertook statutory construction to determine whether FLVS had the authority to file an action to protect the underlying trademarks. Relying on the fact that the FLVS statutes were more specific and later in time, it concluded:

> We hold that the Florida Virtual School's statutory authority to "acquire, enjoy, use, and dispose of ... trademarks and any licenses and other rights or interests thereunder or therein," and the designation of its board of trustees as a "body corporate with all the powers of a body corporate and such authority as is needed for the proper operation and improvement of the Florida Virtual School," necessarily includes the authority to file an action to protect those trademarks.

*Florida Virtual Sch. v. K12, Inc.*, 148 So. 3d 97, 105-06 (Fla. 2014).

Picking some decontextualized language within the Supreme Court's opinion, K12 now argues that, while FLVS has standing to enforce the trademarks at issue, they are, nonetheless, owned by the State and are therefore void because they were not registered by the owner. Although the Florida Supreme Court did not specifically address the ownership issue under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.* (1994) ("Lanham Act"), it is reasonable to infer from its opinion that FLVS is the owner of the marks for purposes of protecting its IP.

Under the Lanham Act, trademark "ownership implies the right to exclude others." *Application of Deister Concentrator Co.*, 289 F.2d 496, 501 n.5 (C.C.P.A. 1961); *see also* 2 McCarthy on Trademarks and Unfair Competition § 16:35 (4th ed.) ("Trademark ownership inures to the legal entity who is in fact using the mark as a symbol of origin."); *Intrawest Fin. Corp. v. W.*

- 6 -

*Nat. Bank of Denver*, 610 F. Supp. 950, 956 (D. Colo. 1985) ("[A] trademark can only have one owner and that owner is the entity that controls the good will associated with the mark."). Assuming FLVS and Florida are separate entities for purposes of mark registration, the Florida Supreme Court's ruling that FLVS's rights, which "necessarily includes the authority to file an action to protect trademarks," would imply ownership of the marks going to FLVS rather than the state.

Simply put, the Motion misconstrues the opinion from the Florida Supreme Court which does not make a ruling as to the Lanham Act. Further, K12's case authority addresses private corporations that had improperly registered marks, not state agencies, accordingly those cases are inapposite. Based on the Florida Supreme Court's ruling, the owner, for purposes of registration, is FLVS, as the ruling clearly held that Florida has charged FLVS with the responsibility of excluding others from its IP.[6]

The second Motion to Dismiss, for failure to join an indispensable party is similarly unavailing. Again asserting that the State of Florida is the owner of the marks, K12 relies on various cases that stand for the proposition that the owner of infringed IP is needed for adjudication of a case under Rule 19. However, for all relevant purposes, that owner is before the Court, accordingly, the cited cases are inapposite. Simply put, none of the Rule 19(b) factors weigh in favor of dismissal of the Complaint. Florida is before the Court, in the form of FLVS, so there is no absence that may result in prejudice, and accordingly, no prejudice need be lessened. There is no risk of duplicative proceedings, as the Defendant fears, as the Florida Supreme Court's ruling makes clear that the responsibility for enforcing FLVS's IP rests with FLVS.

---

[6] Further, as Plaintiff points out, if the Court were to invalidate the marks, then it would bring into question the legitimacy of many of the marks registered to various state institutions.

Finally, the Motion to Amend the Pleadings is largely predicated on the theory that the State of Florida is the owner of the underlying marks, and accordingly, K12 seeks to have the marks declared invalid. This is, essentially, a repackaged version of their arguments in the Motion to Dismiss Count I of the Complaint.[7] For the same reasons that the Court has above discussed that Count I will not be dismissed, the Court finds that amendment under this theory will be futile. This denial shall be without prejudice, as K12 may separate out defenses or counterclaims that do not rely on the assertion that the State of Florida, and not FLVS, is the owner of the marks, if there is a good faith basis to do so.

It is therefore,

**ORDERED,** K12's Motions to Dismiss (Docs. 76 and 77) and Motion to Amend (Doc. 78) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 4, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[7] K12's argument in the Motion to Dismiss for Failure to Join an Indispensable Party as well as the Motion to Amend that asserts the Florida Department of Education approved use of the mark "FLORIDA VIRTUAL ACADEMY" and designation "FLVA," in two contracts is simply wrong. The subject matter of those documents is the types of service K12 will provide to the State. While it mentions the terms Florida Virtual Academy and FLVA, it does so only to describe what services it provides to the state, not to approve the use of the names. (*See* Doc. 30-6 at 22-24, Doc. 30-7 at 18-19, 22).